Okay, Mr. Maltz, are you ready to proceed? Good morning, Your Honor. May it please the court. My name is Mark Maltz and I have the privilege of representing the estate of Peggy Campbell and her husband Anthony Campbell. At the risk of being simplistic, part of this situation is a which came first, the chicken or the egg situation. So we know that the complaint was filed in state court 426.13 and thereafter there was a default judgment that was entered against Dr. Frangiore. We know that the United States through the U.S. Attorney received notice of the state action 1015 of 14 and took the position that Dr. Frangiore was not an employee of the United States. We know that. Did it do that because I mean you make that point in your brief but the way I read their argument because that I'm troubled by this case anyhow is I think everybody used to look at it except maybe the government. I thought what they were doing was not necessarily contesting whether or not Dr. Frangiore was a federal employee but whether or not it was appropriate to seek remand after a default judgment had been entered because the statute talks about a situation prior to judgment. We have a situation here that's after the judgment but that doesn't go to whether or not they're contesting his federal status. I'm looking at the statute 42 U.S. Code section 233 and I'm going to ask where it says that the secretary or his designee to the extent that he deems appropriate can make Dr. Frangiore a federal employee and as I understand it this was a period of transition where the facility had just recently been taken over as a federal institution and nobody was very familiar with the process. You say just recently when did that happen? I was my recollection is within that year. 2011. Correct. Okay but not not okay within 2011. I think the date of service the original date of the loss was it also in 2011 or 2012. I don't have that in front of me right now. I just want to interrupt you for a second. You did not reserve time for rebuttal. Was that intentional or did you mean? Oh no I would like three minutes for rebuttal. Okay okay fine thanks. I'm sorry go ahead. That's okay. So what we have here the motion that was filed by the government was first of all to say the removal was untimely and secondly I my note says not a federal employee and that was on 7416 at JA 380. My understanding of the process is that when a doctor who is a federal employee gets served he's supposed to transmit to the United States Attorney's Office and they then say yes you are a federal employee and we're going to come in as the United States and that did not happen. Yeah but in the cases that we've looked at that have been cited here there has been some undertaking on the part of the plaintiff's attorney to try to figure out whether or not the doctor being sued is in fact a federal employee and that hasn't happened here and maybe the most appropriate thing is to remand to allow you to try to make it out a necessary showing for equitable tolling. I'm just tossing that out don't have to respond to it was one thing that occurred to me but I'm wondering what efforts were made because you have to show your own diligence what efforts were made to try to determine the status of the doctor in this case? Well that's why I cited to the Egan case and what the New Jersey Supreme Court said in Egan is you should wear a name badge that says that you're a federal employee that you should do things to make patients aware and unfortunately the person who experienced the procedure is deceased and is no longer with us. There was no knowledge by that person and and quite frankly attorney-client relationship there was no evidence in any way that this was a federal that this establishment had been taken over by the federal government nothing on the sign nothing anywhere never raised as an issue. You know and I think you're mixing you're mixing words here it wasn't taken over by the federal government. The statute allowed employees of certain health services to be deemed federal employees for purposes of defense under the federal towards funding. And I do agree with that and that's one reason that Dr. Frangiore did not have his own medical malpractice insurance but we're not we don't know any of that because he didn't file an answer and he didn't list any I ask you this why when you there was a point in time at least back in 2016 I think when the government recognized Dr. Frangiore as a deemed federal employee okay why didn't you voluntarily dismiss the action then and refile which would have put you file your administrative claim and then you could have refiled the action if your administrative claim was denied. My belief and I didn't do the math right now but we were out of time to do that in 2016 and in addition in that Dr. Frangiore was not a was not entitled to have the United States indemnify him and hold him harmless. Yeah but that was again because the judgment had been entered and it was too late right they didn't come in and say look this guy's not a federal employee he's not covered by the statute. I believe that's exactly what they did. Can you cite me where they did that because that to me would be significant. You don't have to take any time now but maybe either on rebuttal over the 28 J letter if you could cite to where that happened. Right actually I'm looking at JA 380 and what the United States Attorney said was the untimeliness of the removal of this action and the untimeliness and I put that in there of Dr. Frangiore's request that the United States be substituted for him as defendant. So the Attorney General, the United States Attorney said his request was untimely. Because the judgment had already been entered. The judgment had already been entered that's correct. Which makes it untimely. And I believe there's also a limited time frame for him to turn it over to the United States Attorney. I think it has to be done within 30 days under B. So the conflict comes from what the United States Attorney did with it and who dropped the ball between Dr. Frangiore, his supervisor because he testified that he gave it to his supervisor and then Dr. Frangiore did nothing. The dilemma here from an equitable tolling position is that the United States did equitably toll once the once the default judgment was vacated and said okay we're now going to deem him as a person that the United States was substituted in for. Which left the plaintiff without any equitable tolling and eventually this motion. All right what about section 2679 D5? I mean you know I can I speak for your client for the estate. I have some sympathy for the way in which this notification of deemed employees work. But it seems to me that 2679 D5 gives you an option even at this stage. Since your initial case was filed in a timely fashion to go in and present a claim. If we would dismiss this. I am not familiar with that statute but I will look at it quickly. You're not you're not familiar with it? No. It's it's part of. Subsection 5 you're saying you're not familiar with. It's part of the statute that that governs these public health entities. It says whenever an action or proceeding which the United States is substituted as the party defendant is dismissed for failure to first present a claim pursuant to 2675 A. Such same such claim shall be deemed to be timely presented under 2401 B. If the claim would have been timely when it was filed and the claims presented to the appropriate federal agency within 60 days of dismissal. Now there's arguments about you know tolling of administrative procedures but it's still it certainly gets you an opportunity to proceed administratively. I'm just surprised you that you're not aware of that section. And I profess my ignorance but I have just read it and I do agree with you. Yeah well at least for me Mr. Molster candor is refreshing. I cannot tell you how many times lawyers will try to bluff their way through those kinds of questions. Oh yes yes I mentioned we are familiar with that statute but of course that does not apply under this circumstance. The state court did even make up a citation to a case but if we sent you a lifeline you might want to take a look at that. Thank you and I'll just reserve on the rebuttal. Sure that's all I have okay. Counselor and I'm not going to even try to pronounce your name because I'm going to butcher it so I'm going to ask you to help me out with that. Yes it's Dana Kersvon. Okay I'll call you counsel for the appellee. Thank you my grandmother made up the name and I don't even try. May it please the court I'm Dana Kersvon for the United States. This case has to be dismissed under McNeil versus United States because plaintiffs hadn't exhausted their administrative remedies at the time the FTCA suit was. Why couldn't we find and maybe not the factual record may not be here now but why wouldn't equitable tolling apply to extend the time the jurisdictional time limit in which to bring the administrative remedy. I think that's all in his pleading the one that was judge Linares decided. I think that's all that counsel asked for. He asked basically for although the term equitable tolling I don't think was used and I want to ask about that in rebuttal. He basically asked for an extension of time with which to file the administrative claim to get back into the process to the lawsuit against the proper party after that. Why shouldn't we allow that? So that wouldn't happen in this lawsuit. So what should happen in this lawsuit this lawsuit needs to be dismissed. Plaintiff has already filed an administrative claim that's been pending for more than six months. Why hasn't that been disposed of? Go ahead. It's not in the record here but I think because of the pending litigation. Okay in other words it's still in other words it's still pending. It's still pending and and what that means is the time hasn't started to run you know that there's a time limit after dismissal of an administrative claim. That time hasn't started to run here so there is an administrative claim plaintiffs could file a new suit and we don't think that suit would be timely but we don't think the administrative claim was timely. That's what we need to get to because if it wasn't timely he's out of luck but if you if he was timely he's not. It seems to me everyone Judge Linares admitted in his opinion that dismissal was harsh. Judge Fisher has expressed some sympathy for the estate here. I certainly have some sympathy for the estate. It seems like a very harsh result and I'm reminded of the quote from Dickens. Mr. Bumblebee I guess it was who said that if that's what the law says then the law is an ass. It strikes me this this may be exactly that kind of situation. Counselor to follow up on what Judge McKee just said. This is the second similar case that I've been involved with in the last couple years and you're familiar with the opinion and Stewart most likely but you know how I just don't understand how one finds out that somebody like Dr. Frangieri is deemed a federal employee. It doesn't seem like you know here you are Don and we're Vineland New Jersey at a community care center. Doesn't have any indications that it has anything to do with the federal government. There's a terrible health care result here. The patient dies you know whether there's negligence or not that's for a court to decide but how is an individual ascertained that complete care falls under this statute? So none of this is in the record here because as I said equitable tolling the timeliness of the administrative claim could be an issue if plaintiff files another suit. I understand that but I'm asking you a question because as I say I just think that a number of people are getting trapped in a situation like this and if there's a way to get around it and we can help in that regard perhaps this is the case. So HHS maintains a website the seventh circuit and the first circuit have said it's not asking too much of the medical malpractice bar to know to look at that website when you're doing your due diligence to to investigate. What is the website? Is that a complete complete care? No no it's an HHS website. I'm sorry I don't have the URL at my fingertips. I would be happy to provide that but this isn't an issue in this case. Is that is that website a public website? Yes your honor. This is an issue that would only only comes up after this suit is dismissed and then plaintiff can file a new suit in which the timeliness of the administrative claim. Let's suppose that happened. Let's suppose that happened and you already have an administrative claim that was filed. You know there obviously it wasn't filed within the statutory time period of two years. Are you going to claim that equitable tolling does not apply because under U.S. versus Wong the time limits under the Federal Tort Claims Act are not jurisdictional? That's right your honor. This court would be able to reach equitable tolling in that case as it did in Santos and DJSW. We would as we set forth in our brief. I don't think that equitable tolling has been has been that the due diligence necessary for equitable tolling has been shown here. Why shouldn't we remand it and give him the opportunity to make that sure? I'm looking for the website now and well I'll tell you once you get into the HHS website good luck. I'm reminded of those mazes in the carnivals that are mirrors and walls. I'm in I'm in the middle of this maze with mirrors and walls but I'm sorry go ahead. This is so your honor you shouldn't remand this case because of McNeil. This case has to be dismissed under McNeil because the administrative claim was filed after the FTCA suit was instituted that's 2675. But after the the administrative claim is exhausted plaintiffs can file a new they can argue equitable tolling in that case. They can create a record on equitable tolling. We can have things in the record like where that website is what was available at the time right. The district court can look at that and the district court can make a decision on equitable tolling if plaintiff files a subsequent suit. But the supreme court in McNeil said you know 28 USC 2675 which this court called jurisdictional as recently as last year. That statute is very clear that you can't institute the FTCA suit until you have exhausted your administrative remedies. Here it was it's a testimony to do because he can't exhaust his administrative remedies because he kind of got blindsided and did not know that he was dealing with a federal employee. He asked the administrative agency to accept the administrative complaint so that he can get a ruling and then file the suit. And now the catch-22 comes back goes wait a minute you can't file the suit because you can't establish equitable tolling because you're because you this doesn't make your head spin. I mean so your honor actually this is not a catch-22. Now I do think he's out of time. I think in a subsequent suit the court should say that equitable tolling doesn't apply. But right now for this case there's a very straightforward answer because this case is controlled by McNeil but he has an administrative claim pending. He's not his time to file suit you know vis-a-vis that claim has not expired. Well help me understand why McNeil controls. McNeil basically just said that it's the time limits are jurisdictional but that does not mean that equitable tolling cannot impact the applicable jurisdictional bar. And that was in fact was Judge Fisher's case just not that long ago a few months ago. So why shouldn't he have the opportunity at least to show that he has done he's jumped the three hurdles that has to be jumped to show equitable tolling so that he's within the jurisdictional time frame the administrative complaint then is still valid it gets ruled on he can then proceed. What's what's wrong with that? Yeah so what happens all the time in Westfall and this is not Westfall this is federally funded health center federally funded health center cases. What happened before this court looked at equitable tolling in Santos and DJSW is that these suits are dismissed for failure to exhaust administrative remedies that's a dismissal without prejudice plaintiffs exhaust their administrative remedies they file a new suit after exhaustion and it is in that second suit that the court considers things like equitable tolling right that's that was the situation in first because if whether it be the pending administrative claim or a new administrative claim if we dismiss this because of failure to exhaust can't counsel raise equitable tolling on the administrative claim before the agency. So I actually the administrative process he can go ahead and file a new suit without waiting for the agency to decide that claim he can make the arguments he wants to make before the agency I suppose but the key here is that he doesn't need a decision from the agency right he needs six months to pass right months have passed right six months have passed from when from when he filed his administrative claim his problem here is that that administrative claim I'm sorry did I interrupt no go ahead his problem here in in this appeal is that his administrative claim was filed after he um his FTCA suit was instituted I understand I understand that okay I understand what you're saying so in a subsequent case if you wanted to file a subsequent case after exhausting his what is the logic of it if it's if it is if I'm correct if that it is totally illogical why does the statute require that result why not just have the thing remanded allow allow the agency to determine under the principles of equitable estoppel whether or not he still has the right to bring the suit because that's what we're talking about whether or not he's barred if he's not why go through all of that so this suit is jurisdictionally barred the key there's a different question of whether a new suit filed afterwards would be jurisdictionally barred you know the supreme court thought about this in McNeil where that by the time the United States was served administrative remedies had been exhausted and so they faced the argument that there was no point in dismissing that suit and requiring the plaintiff to file a new suit and the supreme court said you know 2675 is very clear it requires the administrative claim to predate the institution of an FTCA suit and um but we have that here his claim does predate the FTCA claim isn't it no you're right that's right you're right that's right you're right okay so it was removed and substituted and a couple months after that he filed his administrative right right so that's your problem here do you agree with my prior statement to opposing council that it appears that 2679 d5 has some applicability if we would dismiss this for failure to exhaust I don't your honor this is a this is a case that would be about equitable tolling like Santos and DGSW so 2679 is only for westfall cases for what for what cases westfall okay and the supreme court said and we you know these public health services act cases they're governed by by the different statute by 42 USC 233 so westfall wouldn't apply but you know this court did look at equitable tolling in Santos and DGSW I don't think that the record here supports equitable tolling but if plaintiff files a new suit they can put in information about what they did to investigate this investigate this physician you know they they misspelled the doctor's name and certifies his office address is his home address so I don't know that the record on what they did to investigate is going to be very compelling but that's not an issue in this suit right because this suit is just McNeil and all of these questions about whether whether equitable tolling applies would be at issue only in a in a subsequent suit filed after exhaustion you do your argument here is that they did not properly file a claim pursuant to 2675a correct they didn't that's right your honor so why wouldn't why wouldn't this fall under d5 you've lost me when you threw that you lost me too you lost me too with that sure so at 233 is a separate 42 USC 233 the public health services act separate statutory scheme this the supreme court rather considered in quay and it incorporates the remedies of the of the FTCA it does not incorporate the entire westfall act or the westfall act at all which is a as separate separate scheme separate removal scheme but again that is a question only for a in a subsequent lawsuit if one is filed after exhaustion of administrative remedies the court could consider whether westfall act savings clause applies you know I don't I don't think it does but as I say that's not here in this case all right I understand you're saying this is all for another concern that these cases seem to be repeating themselves Santos is one of them where our court agreed that Santos showed enough diligence the DSWS Stewart we concluded to the contrary I'm not sure where this one is because you know there's so many different factors here where you know he wasn't a federal employee we're not going to remove because there's already been a trial slash the default judgment then back in 2019 the government comes in and brings it back into federal court so this is a little different creature from the prior cases well of course you know that's a question for the subsequent subsequent case the plaintiff has to show due diligence at every stage I don't think plaintiff can show due diligence at the initial investigatory stage right the seventh circuit the first circuit and also the second circuit although their test is more nuanced have looked at HHS's website and said you know it's not asking too much for for medical malpractice council to consult that website when they're instituting a case so I had to show due diligence at the institution phase then in 2015 they have all of the information it's all what's been jury a federal employee uh let me take that back where's that website up and running at the time this lawsuit was filed or do you know uh yes I believe it was of course a record on that is something that we could build and what it showed it would have to be in a new lawsuit uh this is none of that is in the record here um so you know 2015 plaintiff has all of the information why would one have to go through all this I wonder that too we have this claim I mean uh uh it's an unfortunate circumstance oh I didn't mean to cut you off your honor no I know and we we can't uh we can't be we haven't at least I haven't been on a panel that's figured out how we could call cancel call console up to sidebar like we sometimes do when we're live well I want to do that though I do want to have a third circuit I don't uh I have done that and I want to do that at the end of this argument just yeah okay so you can cut the stream out the other side stream and we can have a conversation I'm throwing my hands up a bit only because of how this case got to where we are mine are with you okay and this really these these questions about does this make sense to do it you know Supreme Court addressed in McNeil this court said in square and Rosario there are lots of these cases and channeling them all through the administrative process avoids cost of litigation and promotes timely compensation and no one disagrees with that the issue is what the heck do we do here to put the toothpaste back in the tube and let it be squeezed out again I think but but your time is up though and the other just say I like that I know the time's up the other thing I would just add I mean I understand what you're saying and I understand the burden that you're suggesting should be placed on plaintiff counsel in a general sense but it looks to me like fringery in the hospital and the health center and no one else even knew they didn't that's my feeling I don't think anybody knew no one I mean this wasn't a case where plaintiff's counsel dismissed it I mean the doctor missed it the care center missed it everybody missed it U.S. attorney's office didn't seem to care U.S. attorney's office missed it so I've said my piece yeah okay thank you counsel you had some rebuttal Mr. Maltz you muted Mr. Maltz there may not be any better but I'd like to differentiate this case on a couple key points first of all once we discovered that the United States was taking the position that Dr. Fringeri was now a federal employee we did file a tort claims notice so he was certified 17 of 19 that's JA 409 and we filed the notice on 37 of 19 JA 321 so we did act diligently as soon as he was certified the problem with certification is kind of attenuated in the United States brief which they filed way back JA 392 and here's what they say in any event Dr. Fringeri forfeited any right he might have to a defense by the United States when he failed to comply with applicable statutes and regulations and that's where the dilemma comes from it wasn't what the plaintiff did the plaintiff didn't know he was a federal employee and Dr. Fringeri didn't do what he had to do under the care center and then there's a dispute about whether or not when the care center actually sent the letter to the U.S. attorney's office that's correct that's correct but he didn't do anything after that and most importantly he didn't file an answer or present any defenses or have his attorney even say hey I'm a federal employee and I have this defense he did nothing except default and a judgment was entered and so if you look at an equitable tolling argument the fault has to come back to Dr. Fringeri and yet he was allowed to toll his claim to be deemed a federal employee it's only fair that the plaintiff is entitled to the same equitable tolling because the plaintiff didn't create this Mr. Bowles how do you get by McNeil I've been trying I've been helpful to you in this argument but how do you get by McNeil how do we get by McNeil with the equitable issues that are presented it's factually much different and in McNeil I believe they did file an answer but here they did not and I think that makes a big difference when adults are served with process in any state federal court the court rules require action it's incumbent on that person and in fact he did not follow through so I think that that makes a big difference that's the only way I can handle that okay thank you so much thank you could we I don't know Patrick I guess you can figure out how to do this so that we cut the the live stream so it's just the six of us here the five of us here so we can speak yes yes I'll look at the live stream give me one second okay okay okay yeah what I'd like to in you don't necessarily have to respond to any well I do want you to respond to this has this case been through our mediation program Mr. Turgos has I had sent a letter to him and I asked him to observe this session I don't know if he's observing it or not but it doesn't really matter because I'm gonna ask for a transcript of the argument and then ask the government to pay for that transcript and the only way for me to do this I guess is Dana I'm going to refer to you as Dana I mean no disrespect by that Mr. Mosel to be equal I'm going to refer to you as Mark and that avoids the problem if I can just try to pronounce answer for the apologies last name so yeah sure you know I understand you probably don't you don't I know you don't have authority to do anything right now regarding settlement nor do you have any authority I would imagine to even suggest us whether or not your client would be willing to entertain settlement mark I'm assuming your client would I don't know obviously but two of you could confer and send a letter a joint letter to us by the clerk's office say within 10 days of today's date just letting us know whether or not you're willing to meet with Mr. Tarragosa or his assistant Ms. Marshall Penny to determine whether or not you want to enter into a settlement I assume this case just and if I were still a trial judge I would be locking the two of you into a room turning out the lights cutting off the heat not allowing any bathroom privileges until you found a way to agree and then I let you out of the room let's go to the bathroom first thing let's get out of the room but it just seems like given all the equities here as I said there's an incredibly harsh result in that Dana I don't want to put you on the spot but my guess is that you would agree that the result here if you take the legal technicalities as Mr. Bumble said away from it it's a really harsh result and I did do a quick look on the website I don't suggest that it was thorough but I don't see any way in that HHS website to quickly find out if Njari is an employee even typed in his last name because there's a place there it looks like you can enter the name of a physician and it would tell you where they're assigned and what the fellow employee I typed in this name I got and he answered back no such person exists maybe he's not there anymore I don't know I don't think he's there anymore okay okay but if you could do that if the two of you could just confer privately let us know by a letter to the clerk jointly signed again because we do not do not want to know if somebody is willing to meditate and someone's not willing to meditate to mediate we don't want to know that and if the letter comes back that you're not amenable to trying to resolve it then we'll of course go ahead and do what they pay us to do and then decide the case but if you are willing to resolve it it seems to me that this really does cry out for some kind of a an agreement that let's folks walk away maybe not everybody's happy but at least everybody leaves feeling well that was a respectable result but that's it totally up to you folks I can't step into your shoes we appreciate that judge thank you great and you will check with Patrick Houston there if you can confer with them about the transcript yes the transcript what's going to happen is I'm going to let Carmen she's the calendar clerk and she's going to send you additional information on how to file the transcript we'll also give you a list of transcribers as well that you can choose from unless you want your own okay council thank you very very much for a very interesting argument and again again I apologize but then I'll refer to you but I particularly appreciate and respect the way in which you made that argument a lot of very hyper technical arguments could be brought to bear here you made the hyper technical arguments that you had to make without losing sight of the underlying humanity I guess maybe that's too strong of a word but I really think for myself I respect the argument that you made which is not to say that you'd win not to say that you'd lose just it's a pleasure to see council present a case the way you presented it Mr. Molson also want to thank you Mark for the manner in which you presented your case without getting overly hysterical and and again for your candorism appreciate that thank you both I hope we'll see you again back in the course of time thank you very much we'll take the matter of advisement